IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MAJED ABDULLAH MALIKI,

        Plaintiff,

v.                                         CIVIL ACTION NO. 2:19-cv-00520

CITY OF PARKERSBURG,

        Defendant.

**ORDER**

Pending before the Court is Defendant City of Parkersburg's ("Defendant") Motion to Dismiss.[1] (ECF No. 3.) By standing order entered on January 4, 2016, and filed in this case on July 15, 2019, (ECF No. 2), this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). Magistrate Judge Tinsley entered his PF&R on November 22, 2019, recommending this Court deny as moot Defendant's motion to dismiss because it preceded Plaintiff's amended complaint. (ECF No. 14 at 1.) The Magistrate Judge further recommended that Plaintiff's claims against the City of Parkersburg be dismissed without prejudice as "Plaintiff appears to have removed any claims against the City of Parkersburg as an entity in the amended complaint." (*Id.* at 1–2.) Objections to the PF&R were due on December 9, 2019, and Plaintiff filed a timely objection.

---

[1] Also pending is Defendant the City of Parkersburg's Motion to Strike Plaintiff's Second Amended Complaint. (ECF No. 16.) For the reasons described below, the Motion is **DENIED**.

1

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the Magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Plaintiff objects to the dismissal of his claims against Defendant City of Parkersburg. (ECF No. 15 at 1.) Plaintiff argues he misunderstood the instructions for this mandatory amendment and did not intend to omit this Defendant. (*Id.*) Plaintiff further states his "complaint entirely is in regards to the city of Parkersburg as an entity" and further argues the first page of the Amended Complaint includes the case style which names the City of Parkersburg. (*Id.* at 2.)

Upon *de novo* review, the Court sustains Plaintiff's objection. "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1995)); *cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). Further,

the Fourth Circuit has held that "its district courts must be especially solicitous of civil rights plaintiffs," and, when the civil rights plaintiff appears *pro se*, the court must act with heightened solicitude. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017). "There is, therefore, a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." *Gordon*, 574 F.2d at 1151; *see also Garrett v. Elko*, 120 F.3d 261 (4th Cir. 1997) (remanding to allow Plaintiff to amend his complaint to include additional defendants).

Here, the *pro se* Plaintiff's Amended Complaint alleges various civil rights violations, all relating from a series of alleged racially motivated and discriminatory behavior undertaken by police officers and other officials in the city of Parkersburg, West Virginia. (*See* ECF No. 13.) While Plaintiff did not include the City of Parkersburg in the list of defendants in his Amended Complaint, the City is included in the case heading, as Plaintiff argues, and Plaintiff included a Certificate of Service which shows the document was mailed directly to the City. (ECF No. 13 at 1, ¶¶ 1–7.) Under the principles of liberal construction and the heightened solicitude given to *pro se* civil rights Plaintiffs, the Court finds that the interests of justice require Plaintiff be given the opportunity to amend his Amended Complaint.

Further, no party has objected to the Magistrate's recommendation concerning the denial of Defendant's Motion to Dismiss. Because the Magistrate Judge granted Plaintiff leave to amend his original complaint after that motion was filed, it should be denied.

The Court **ADOPTS IN PART** the PF&R and **ORDERS** Defendant's Motion to Dismiss, (ECF No. 3), be **DENIED AS MOOT**. However, the Court **DECLINES** to dismiss Plaintiff's claims against the Defendant City of Parkersburg and **ORDERS** that Plaintiff be granted leave to

3

file a Second Amended Complaint to include his claims against the City of Parkersburg. Plaintiff has included a Second Amended Complaint as an attachment to his objection, and this Second Amended Complaint will be the operative pleading in this matter. The Court will deem Plaintiff's Second Amended Complaint filed on the date of this order. The Court **DIRECTS** the Clerk to enter Plaintiff's Second Amended Complaint, (ECF No. 15–1), as a new entry on the docket.

    **IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

    ENTER:    January 22, 2020

_____
THOMAS E. JOHNSTON, CHIEF JUDGE